IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT C. WELDON, :
:
    Plaintiff :
: CIVIL NO. 1:CV-07-0821
    vs. :
: (Judge Caldwell)
NANCY BARRY, *ET AL.*, :
:
    Defendants :

*M E M O R A N D U M*

*I.    Introduction*

On May 4, 2007, Robert C. Weldon, a state inmate housed at the Dallas State Correctional Institution ("SCI-Dallas"), Dallas, Pennsylvania, filed this civil rights complaint pursuant to 42 U.S.C. § 1983, claiming that an unidentified SCI-Dallas mailroom employee opened his legal mail outside of his presence.[1] (Doc. 1, Complaint). He names as defendants SCI-Dallas' Mailroom Supervisor, and all Department of Corrections ("DOC") employees involved in the processing of his grievance regarding the incident.

Along with his complaint, Weldon submitted applications requesting leave to proceed in forma pauperis. (Doc. 2). For the

---

[1] The Court notes that Weldon attached an envelope from the Clerk of Courts of the Third Circuit Court of Appeals, postmarked April 20, 2007, to his pleading.

reasons outlined below, Plaintiff's complaint will be dismissed without prejudice, pursuant to 28 U.S.C. § 1915(g), and Plaintiff's motions to proceed in forma pauperis will be denied.

*II.     Standard of Review*

The Prison Litigation Reform Act of 1996 ("PLRA"), in an effort to halt the filing of meritless inmate litigation, enacted what is commonly referred to as the "three strikes" provision. Codified at 28 U.S.C. § 1915(g), the "three strikes" rule provides that an inmate who has had three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim may not proceed in a civil action in forma pauperis "unless the prisoner is in imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g), and *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir 2001)(en banc). The "imminent danger" exception to § 1915(g)'s "three strikes" rule is available "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Dismissals of actions entered prior to the effective date of the PLRA are counted as strikes. *See Keener v. Pennsylvania Board of Probation and Parole*, 128 F.3d 143, 144-45 (3d Cir. 1997)(holding that dismissals based on frivolousness

before 1996 "are included among the three that establish the threshold for requiring a prisoner to pay the full docket fees unless the prisoner can show s/he is 'under imminent danger of serious physical injury'"). The "three strikes" provision does not bar disqualified inmates from filing additional actions, but it does deny them the opportunity to proceed in forma pauperis and requires them to pay the $350.00 filing fee.

*III.   Discussion*

The Court takes judicial notice of the following civil rights actions on appeals filed by Weldon that were dismissed as legally frivolous or for failure to state a claim upon which relief can be granted: (1) *Weldon v. Wickiser, et al.*, Civ. No. 1:CV-07-0077 (M.D. Pa. January 25, 2007)(J. Caldwell); (2) *Weldon v. District Court William W. Caldwell,* Civ. No. 3:CV-07-0243 (M.D. Pa. February 9, 2007)(J. Conaboy); and (3) *Weldon v. Cywinski, et al.*, No. 06-3753 (3d Cir. March 29, 2007). These dismissals qualify as "strikes" for purposes of determining whether Plaintiff can proceed in forma pauperis in this action.

As for Weldon's present action, he asserts, incorrectly, that he has not filed three or more actions or appeals in the court of the United States that were dismissed as frivolous, malicious, or for failure to state a claim for which relief may be

-3-

granted.  (*See* Doc. 2, Application to Proceed In Forma Pauperis). He does not assert that he is seeking relief because he is under "imminent danger of serious physical injury."  (*Id.*)  Nor does his complaint allege this, only that the named defendants violated his constitutional rights when someone opened his legal mail outside of his presence. (Doc. 1, Complaint).  Consequently, this action will be dismissed under § 1915(g).

      We will issue an appropriate order.

      /s/William W. Caldwell  
      William W. Caldwell  
      United States District Judge

Date: May 16, 2007

```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT C. WELDON,              :
                               :
     Plaintiff                 :
                               :   CIVIL NO. 1:CV-07-0821
     vs.                       :
                               :   (Judge Caldwell)
NANCY BARRY, ET AL.,           :
                               :
     Defendants                :
```

*O R D E R*

AND NOW, this 15th day of May, 2007, for the reasons set forth in the accompanying Memorandum, IT IS ORDERED THAT:

1. Plaintiff's motion to proceed in forma pauperis (Doc. 2) is denied.

2. Plaintiff's complaint is dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(g).

3. The Clerk of Court is directed to close this case.

4. Any appeal from this order will be deemed not taken in good faith. *See* 28 U.S.C. § 1915(a).

/s/William W. Caldwell
William W. Caldwell
United States District Judge